**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JULIE SAKURA et al.,

    Plaintiffs,

v.                                                                                          No. 10-cv-1229 WPJ/KBM

SIMPLICITY, INC. et al.,

    Defendants.

### MEMORANDUM OPINION AND ORDER GRANTING MOTION TO REMAND

THIS MATTER comes before the Court on Plaintiffs' Motion to Remand to State Court (Doc. 11 filed 1/20/11). Defendant Wal-Mart Stores East, L.P. ("Wal-Mart") opposes this motion. For the reasons explained below, the Court finds that the motion is well taken and shall be granted.

### BACKGROUND

This is a products liability/negligence case arising from the death of an infant after his head became wedged between the mattress and the bed rail of his crib. The complaint was originally filed in state court on November 15, 2010 and served on Wal-Mart on November 23, 2010. Wal-Mart filed the notice of removal on December 22, 2010. Plaintiffs move to remand to state court, arguing that: the Court lacks subject-matter jurisdiction as diversity of citizenship is lacking and there was no fraudulent joinder; the complaint does not assert a federal cause of action sufficient to sustain federal question jurisdiction; and the notice of remand was procedurally deficient due to lack of consent of all defendants. In the response, Wal-Mart addresses only the second and third of these arguments. Because this Court lacks subject matter

jurisdiction over the complaint, the motion will be granted and this case remanded to state court.

## LEGAL STANDARD

"Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (citations omitted). "Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). "[T]here is a presumption against removal jurisdiction." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). "The removing party has the burden to show that removal was properly accomplished." *McShares*, 979 F. Supp. at 1342.

## DISCUSSION

The Court lacks subject-matter jurisdiction over the complaint. The requirements of diversity jurisdiction are not met because the parties are not completely diverse, as Wal-Mart concedes by not arguing the point in its response. Further, federal question jurisdiction does not exist where no causes of action "arise under" federal law. The Court finds it unnecessary to consider the alternate grounds advanced in Plaintiffs' motion.

**I.     Diversity Jurisdiction**

Plaintiffs are citizens of New Mexico. Defendant Larry Marta, also a citizen of New Mexico, was the manager at the Wal-Mart store where Plaintiffs bought the baby crib at issue in this case. The doctrine of "fraudulent joinder," however, allows a defendant to remove a case to federal court if the defendant can prove that "the joinder, although fair upon its face . . . [is] only a sham or fraudulent device to prevent a removal." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). The removing party must show that a plaintiff cannot establish a cause of action against the non-diverse defendant in state court. *Hart v. Bayer Corp.*, 199 F.3d 239, 246

(5th Cir. 2000); *Montano v. Allstate Indem.*, 211 F.3d 1278, 2000 WL 525592, at *1-2 (10th Cir. 2000) (unpublished table decision). The fraudulent joinder standard is "more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6); indeed, the latter entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action was commenced." *Id.* at *5; *accord Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999); *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir. 1992). Defendants' response does not address this issue.

Plaintiffs bring substantive negligence claims against Marta, alleging that "[t]he purchase of the defective crib from Wal-Mart was after defendants were aware of the dangers associated with the drop-side design and defect, yet all the Defendants continued to promote, market and distribute these dangerous cribs." First Amended Compl. ¶ 18 (Doc. 1-2). Specifically, Plaintiffs allege that "Defendant Marta while acting at all material times in his capacity as store manager of Wal-Mart sold and delivered the crib at issue herein and provided point of sale instructions to Jefferson Brown and Felicia Freeman," *id.* ¶ 35, and "was aware or should have been aware of the dangers associated with the drop-side design and defect, yet . . . failed to warn Jefferson Brown and Felicia Freeman," *id.* ¶ 36.

While Plaintiffs do not point to any New Mexico cases specifically approving of the liability of a store manager for selling a defective product, Defendants have certainly not shown that it is "impossible" that Plaintiffs could recover against Defendant Marta for negligence in his capacity as store manager. *Cf. Hutchens v. Juden*, 555 F. Supp. 2d 1013 (E.D. Mo. 2008) (no fraudulent joinder where customer sued retail store and store manager, asserting that he suffered food poisoning as a result of fresh spinach purchased from the store). The Court agrees that this determination should be left to New Mexico state courts, and not made in federal court.

Therefore, complete diversity of citizenship does not exist and jurisdiction cannot be sustained on this ground.

## II.     Federal Question Jurisdiction

Wal-Mart contends that this Court has jurisdiction over one cause of action in the complaint which "arises under" federal law, and supplemental jurisdiction over the state law claims. Plaintiffs' fifth cause of action alleges violations of the Consumer Product Safety Act ("CPSA"), 15 U.S.C. § 2072. While this supports federal jurisdiction on its face, Plaintiffs argue that the CPSA does not supply a private cause of action and that the CPSA is only referenced to supply a standard of care for Plaintiffs' state law negligence claims. Defendants argue that the express language of 15 U.S.C. § 2072(a) allows for federal jurisdiction over suits alleging a violation of the regulations enacted under the CPSA, and thus Plaintiffs' complaint "arises under" this provision. *See also In re All Terrain Vehicle Litigation*, 979 F.2d 755, 757 (9th Cir. 1992) ("The Act explicitly provides private remedies for violations of 'a consumer product safety rule, or any other rule or order issued by the Commission . . . .'" (quoting 15 U.S.C. § 2072(a))).

The Court disagrees, however, that the inquiry ends if the complaint states a federal cause of action on its face. Whether or not a cause of action in the complaint claims to "arise under" federal law is not dispositive.  Not only must "the federal question must be apparent on the face of a well-pleaded complaint," but the "cause of action must be created by federal law or, if it is a state-law cause of action, its resolution must necessarily turn on a substantial question of federal law, and that federal law in turn must create a private cause of action." *Rice v. Office of Servicemembers' Group Life Ins.*, 260 F.3d 1240, 1245 (10th Cir. 2001) (citing M*errell Dow Pharm. v. Thompson*, 478 U.S. 804, 808, 811-12 (1986)).

4

Here, Plaintiffs argue that the federal statute they cite in the complaint does not create a private right of action. *See* Motion at 10 (Doc. 11) (citing *Drake v. Honeywell, Inc.*, 797 F.2d 603 (8th Cir. 1986)); Reply at 4-6 (Doc. 15) (citing *Kloepfer v. Honda Motor Corp.*, 898 F.2d 1452, 1457-58 (10th Cir. 1998); *Benitez-Allende v. Alcan Aluminio do Brasil*, S.A., 857 F.2d 26, 35 (1st Cir 1988); and *Zeptik v. Tidewater Midwest, Inc.*, 856 F.2d 936, 940-44 (7th Cir. 1988)). Whether this line of cases is applicable to the case at hand is not immediately clear to the Court. Wal-Mart's response is not helpful, as it does not address the holding of any of the cases discussed above. While the Court could independently research the matter, with the Court's current criminal trial docket that option is not a viable option at the present time. *See Hartmann v. Prudential Ins. Co. of Am.*, 9 F.3d 1207, 1212 (7th Cir. 1993) ("Failure to press a point (even if it is mentioned) and to support it with proper argument and authority forfeits it . . . ."). Wal-Mart has the burden of proof showing that removal is proper, and has not met it. Remand will therefore be granted.

**THEREFORE, IT IS ORDERED THAT** Plaintiffs' Motion to Remand to State Court (Doc. 11) is GRANTED.

_____
UNITED STATES DISTRICT JUDGE